OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

J.C. Penney Casualty Insurance Company, Appellee, v. Adkins,
Gdn., Appellant.
[Cite as J.C. Penney Cas. Ins. Co. v. Adkins (1994),     Ohio
St.3d     .]
Insurance -- Underinsured motorist coverage -- Each person who
     is covered by an uninsured/underinsured policy has a
     separate claim subject to a per person policy limit.
     (No. 93-105 -- Submitted January 25, 1994 -- Decided March
23, 1994.)
     Appeal from the Court of Appeals for Franklin County, No.
92AP-498.

     Tsitouris & Gerrity and Chris C. Tsitouris, for appellee.
     Pratt & Buchert, Gregory K. Pratt and Joseph R.
Matejkovic, for appellant.

     The judgment  is reversed and the cause is remanded to the
trial court to apply Savoie v. Grange Mut. Ins. Co. (1993), 67
Ohio St.3d 500, 620 N.E.2d 809.
     A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer,
JJ., concur.
     Moyer, C.J., concurs separately.
     Wright, J., dissents.
     Moyer, C.J., concurring separately.    I concur separately
in the judgment entry in the above-styled case.  As my dissent
in Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500,
620 N.E.2d 809, stated, I do not agree with the law announced
in the majority decision.  Nevertheless, it is the law on the
issue in the above-styled case.  As I believe all parties
should receive equal application of the law announced by this
court, and only for that reason, I concur in the judgment entry.
     Wright, J., dissenting.  I must dissent in continuing
protest to the majority's sundry holdings in Savoie v. Grange
Mut. Ins. Co. (1993), 67 Ohio St.3d 500, 620 N.E.2d 809.  As
stated in the dissent in Savoie, that holding lacks sound
reasoning, reverses ten years of established case law and
flaunts the will of the General Assembly.  Thus, I feel
compelled to remain in this posture until the General Assembly

has had the opportunity to undo the damage caused to the public by this unfortunate, result-oriented decision.